# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0447V
(not to be published)

| | |
|---|---|
| SPENCER VICK,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*David Gregory Rogers*, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner.

*Gabrielle Manganiello Fielding*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

　　On March 27, 2018, Spencer Vick filed a petition for compensation, and on April 3, 2018, petitioner filed an amended petition, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Vasovagal Syncope as a result of the administration of his September 14, 2017 Hepatitis A and meningococcal vaccines. Amended (Petition at 1). On August 9, 2019, a decision was issued by then Chief Special Master Dorsey awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 32).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 10, 2020 (ECF No. 37), requesting a total award of $9,116.00 in fees. In accordance with General Order #9 counsel for Petitioner represents Petitioner incurred no out-of-pocket expenses. (ECF No. 37-5). Respondent reacted to the motion on January 17, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 39). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## **ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

    A. Hourly Rates

Petitioner requests the hourly rate of $424 for all time billed by attorney David Rogers from 2017 – 2019. (ECF No. 37-4). Mr. Rogers has been a licensed attorney in Georgia since 1990. I previously found that the rate range for an attorney of his experience (27 years) under the OSM's Rate Schedules is $358-$424.[3] *See Halm v. Sec'y of Health & Human Servs.,* No. 17-0338V, (Fed. Cl. Spec. Mstr. December 19, 2017). Mr. Rogers' requested rate of $424 is at the highest end of the rate schedule. In *Halm*, I found the rate of $390 per hour in appropriate for time billed in 2017. As in *Halm*, I reduce Mr. Rodgers rate for 2017 to what I previously awarded.

I do also find it necessary to reduce the requested 2018 and 2019 hourly rates for Mr. Rogers, as he lacks the experience in the Vaccine Program to support rates on the higher end of his experience range. Based on my experience, I find the hourly rates of $400 for time billed in 2018 and $410 for time billed in 2019 to be more appropriate based on Mr. Rogers continued practice in the Vaccine Program.

The adjustment of Mr. Rogers' rates results in a reduction of attorney fees in the amount of **$462.00**.

## ATTORNEY COSTS

Mr. Rogers indicates that $1,400.00 in costs were incurred in this case for the filing fee and expert fees. However, Petitioner is not requesting reimbursement for these costs incurred. (ECF No. 37-1 at 4). Mr. Rogers would be entitled for reimbursement of these costs, but failed to file any supporting documents for these expenses.[4] I will however, award the amount of $400.00 for reimbursement of the filing fee for the Petition. The total amount of costs awarded to Mr. Rogers is $400.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] On January 14, 2020 a Scheduling Order was issued requesting Petitioner submit documents for costs expended. (ECF No. 38). Petitioner did not submit the documents requested in the order.

awarding a total of **$9,054.00** (representing $8,654.00 in fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.